UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:26-cv-00190-MOC

| | | |
|---|---|---|
| **ARTHUR MCELROY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| | ) | |
| **RECORDS OFFICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint [Doc. 1], 28 U.S.C. §§ 1915(e)(2) and 1915A, and Plaintiff's unsigned "Motion for Discovery" [Doc. 2]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

## I. BACKGROUND

Pro se Plaintiff Arthur McElroy ("Plaintiff") is currently incarcerated at the Mountain View Correctional Institution in Spruce Pine, North Carolina.[1] On June 30, 2026, he filed this action purportedly pursuant to 42 U.S.C. § 1983 against Defendant "Records Office." [Doc. 1]. Plaintiff alleges as follows.

In 2015, Plaintiff "got out" of prison and proved his innocence. He and his attorney visited a psychiatrist who placed Plaintiff under regression hypnosis. After he and his attorney appeared before a judge, the judge issued an order reinstating Plaintiff's "citizen rights." [Id. at 1-2]. "Somehow" Plaintiff was put back in prison with no new charges but with a sentence of 999 years.

[1] According to the North Carolina Department of Adult Correction inmate locator website, Plaintiff was convicted of first-degree murder on March 18, 1988. He is currently serving a life sentence. His next custody review date is listed as July 1, 2026. (webapps.doc.state.nc.us/opi/offendersearch.do?method=view (last visited 7/22/2026)).

[Id. at 1].

Plaintiff does not allege which rights he contends have been violated. [See Doc. 1]. For relief, Plaintiff seeks refund of the filing fee, reinstatement of his "full citizen rights," and to be "compensated for [his] troubles." [Id. at 2].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that she was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was

committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

Plaintiff's Complaint fails initial review. The sole Defendant, "Records Office," is an unknown entity that appears incapable of being sued under § 1983. See Harden v. Green, 27 F. App'x 173, 178 (4th Cir. 2001) (prison department is not a "person" within the meaning of § 1983). As such, Plaintiff has failed to state a claim for relief against any proper Defendant. The Court will dismiss this Defendant.

Moreover, Plaintiff's claim is not cognizable under § 1983 in any event. Plaintiff must seek relief for his reincarceration and/or allegedly miscalculated and/or improper sentence in his state criminal proceedings or, eventually, under 28 U.S.C. § 2254, as appropriate. See Heck v. Humphrey, 512 U.S. 477, 481 (1994) (noting that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983").

To the extent Plaintiff contends that he is being falsely imprisoned because he "proved [his] innocence," it appears that Plaintiff's claims are barred by Heck. In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would

> necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, given the nature of the allegations in the Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of any conviction or sentence in the underlying criminal matter. Plaintiff, however, has not alleged that a conviction has been reversed or otherwise invalidated, only that he temporarily "got out" of prison for hypnosis and now has a new sentence. Therefore, his Complaint appears to be barred by Heck.

Because Plaintiff has failed to state a claim for relief, Plaintiff's Complaint fails initial review, and the Court will dismiss it without prejudice. The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief and to show that his Complaint is not Heck barred.

## IV. PLAINTIFF'S MOTION

Also pending is Plaintiff's unsigned motion for discovery. [Doc. 2]. The Court will strike this improper, unsigned filing. See Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."). Moreover, Plaintiff's motion is premature in any event. Discovery is not conducted until after the Court enters its scheduling order, which does not occur until after defendant(s) file an answer to a complaint that has passed initial review.

**Plaintiff is strongly cautioned to carefully review the Standing Order of Instructions, the Local Rules of this Court, and the Federal Rules of Civil Procedure before filing any further documents with this Court. Any future improper filings may be summarily**

**dismissed and/or stricken from the record.**

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendant Records Office is **DISMISSED** as a Defendant in this matter.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Discovery [Doc. 2] is hereby **STRICKEN** from the record in this matter

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: August 18, 2026

Max O. Cogburn Jr.
United States District Judge